IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JUAN GARCIA VILLAREAL, <br> TDCJ-CID # 697792, <br><br> Plaintiff, <br><br> v. <br><br> BRAD CASAL, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. V-04-0110 |

**MEMORANDUM OPINION AND ORDER**

Juan Garcia Villareal, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint under 42 U.S.C. § 1983 against the following TDCJ-CID officials in their individual capacities: TDCJ-CID Director Douglas Dretke, TDCJ-CID Stevenson Unit Warden Brad Casal, and TDCJ-CID Gang Intelligence Officers Sergeant Emil Garza, and Sergeant Agapito Villareal. Villareal complains that he has been subjected to cruel and unusual punishment as a result of being held in administrative lock-down at his unit. He has filed motions for appointed counsel, supplemented allegations, an investigation by the FBI, and an injunction against TDCJ-CID from using the procedures to place him in lock-down. The court will deny the motions and dismiss this action as frivolous.

**I. Allegations**

Villareal was assigned to the Stevenson Unit when the complained of incidents occurred. On May 4, 2004, a lock-down was instituted at the Stevenson Unit for all active and suspected gang members at the Stevenson Unit. The purported reason for the lock-down was that Sergeant Garza

had been informed that members of a gang called Patria Revolucion Mexicana (PRM) had received orders to attack any gang members from West Texas. Sergeant Garza instituted the lock-down under the direction of Warden Casal. Villareal was included in the group held in lock-down because his file indicated that he was from West Texas due to the fact he grew up in and attended school in Littlefield, Texas. Garza told Villareal that he was being held in lock-up because his life was in danger. However, Villareal disputes the officials' conclusion because his records show that he has never been involved in any gang activity. Villareal contends that a regional gang intelligence officer discovered that Villareal's placement was a mistake and recommended that Villareal be released to the general inmate population. Despite the recommendation, Casal continued the lock-down.

Villareal complains that he has been subjected to cruel and unusual punishment because of the lock-down status. He states that he has had to eat cold meals and go without showers for as long as seventy-two hours. In addition to hygiene problems, Villareal complains that it is more difficult to obtain medical treatment while in lock-down and that he has developed infections while in lock-down. Villareal also asserts that the lock-down places him in danger of attack because his placement implies that he is a gang member. Villareal asserts that Dretke has been informed of his situation but has chosen to ignore it.

Villareal seeks an order from this court for an injunction for his release into general population as well as a injunction to prevent TDCJ-CID from using an inmate's background to determine whether or not he should be classified as a gang member. He has also filed a motion for a formal investigation by the FBI into the lock-down of the inmates under the pretext that it was for their own safety when in fact the assignment was ordered to subject them to restrictive conditions for punitive purposes.

## II. Analysis

In order to establish a claim under section 1983, a prisoner must assert facts which demonstrate that he was deprived of a constitutional right or federal statutory right. *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995), *citing Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1989). Villareal has not set forth facts which indicate that the defendants have violated his rights by placing him in administrative lock-down because prison authorities have broad discretion in classifying their prisoners. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Among the many daunting tasks facing prison officials is the duty to protect prisoners from likely assaults by other prisoners. *See e.g. Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995). Even under the best of circumstances, this job involves a guessing game involving unreliable informants, duplicitous potential assailants, and uncooperative victims. *Id.*; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

Although Villareal insists he is not a gang member, he does not have a right to refuse protection or avoid classification as a potential victim, and the court will not interfere with the decision to assign him to protective custody due to the perception that he could be a gang member from West Texas. *Meachum v. Fano*, 96 S.Ct. 2532, 2538 (1976); *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) ("an inmate has no protectable liberty interest in his classification"); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In general, prisoner civil rights complaints are only actionable where the facts show that prison officials have harmed or endangered the complaining prisoner and the officials were aware that their actions were dangerous to the prisoner's health or safety. *See Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994); *Estelle v. Gamble*, 97 S.Ct. 285, 292 (1976). The Eighth Amendment mandates "reasonable" safety, not "absolute" safety. *See Newton*, 133 F.3d at 307. Villareal's

vague fears that he might be identified and subject to assault as a gang member do not implicate a constitutional violation. *See Babcock v. White*, 102 F.3d 267, 271-72 (7th Cir. 1996).

Villareal's complaints that his meals are cold and that he is unable to shower everyday are not actionable. *See Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) (prison officials do not violate the Eighth Amendment with regard to nutrition if the inmates receive 'reasonably adequate' food), *citing George v. King*, 837 F.2d 705, 707 (5th Cir. 1988); *Walker v. Mintzes*, 771 F.2d 910, 928 n.5 (6th Cir. 1985) (two or three showers weekly for inmates who do not work is sufficient). Prisons are not supposed to be comfortable. *Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 (1981). Villareal's general complaint concerning greater difficulty in obtaining medical treatment does not establish a civil rights violation. *See Mendoza v Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (delay in medical treatment does not constitute deliberate indifference unless the delay results in substantial harm). The fact that inmates in administrative lock-down are under greater restrictions and have less amenities than those in general population does not implicate a constitutional violation. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Such conditions are a part of normal prison life and must be endured by those who need to be held apart from the others. *Id*.

Villareal's motion (Docket Entry No. 3) for an injunction against the use of background information to determine gang status will be denied because Villareal has failed to show that he would prevail on the merits and that the injunction would not pose a threat to prison security. *See Planned Parenthood of Houston and Southeast Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005). Moreover, the court records show that Villareal has been transferred to the Pack Unit (*See* Docket Entry No. 9) which would render moot his placement at the Stevenson unit. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001).

Villareal's motion for an FBI investigation (Docket Entry No. 4) will be denied because he has no standing to seek such an investigation. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990).

This civil rights action is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e) because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III. Motion to Proceed In Forma Pauperis

Villareal has moved to proceed as a pauper. The motion (Docket Entry No. 2) is **GRANTED**. However, Villareal is **ORDERED** to pay the entire filing fee as soon as funds become available. *See* 28 U.S.C. § 1915(b). The TDCJ-ID Inmate Trust Fund is **ORDERED** to withdraw $ 32.00 from Villareal's Account and forward the funds to the Clerk. Thereafter, the Inmate Trust Fund shall deduct 20% of each deposit made to Villareal's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

### IV. Other Motions

Villareal has filed a motion (Docket Entry No. 6) to supplement the allegations made in his original complaint. The motion will be denied because the claims are frivolous and Villareal has failed to set forth any facts or arguments which would alter the court's conclusion regarding his prison assignment. *See Davis v. Louisiana State Univ.*, 876 F2d 412, 413-14 (5th Cir. 1989).

Villareal has moved for court appointed counsel. In general, there is no right to such counsel in civil rights cases. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). The motion (Docket Entry No. 5) is **DENIED** due to the elementary nature of the issues and Villareal's apparent ability to prosecute his case. *Wendell v. Asher*, 162 F.3d 887, 892 (5th Cir. 1998).

## V. Conclusion and Order

The court **ORDERS** the following:

1. This prisoner civil rights action, filed by Juan Garcia Villareal, TDCJ # 697792, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

3. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Order.

4. Villareal's other pending motions (Docket Entry Nos. 3, 4, 5, and 6) are **DENIED**.

5. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 26th day of September, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE